UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PATRICIA WILSON,

         Plaintiff,

- against -

         **REPORT and
RECOMMENDATION
04-CV-4856 (FB)(LB)**

KINGSBROOK JEWISH MEDICAL CENTER,

         Defendant.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action alleging that defendant discriminated against her in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. Defendant moves to dismiss plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) because plaintiff has willfully disobeyed the Court's Order to appear for her deposition. The Honorable Frederic Block referred defendant's motion to me for a Report and Recommendation in accordance with 28 U.S. 636(b). For the reasons that follow, I respectfully recommend that defendant's motion should be granted and plaintiff's case should be dismissed.

## BACKGROUND

The Court held an initial conference in this matter on March 28, 2005, and a subsequent conference on April 25, 2005 at which time the Court explained the discovery process to plaintiff and set the discovery deadline herein for August 26, 2005. On or about May 9, 2005 defendant served plaintiff with a notice of deposition to conduct her deposition on June 2, 2005 or "at a mutually convenient time for the parties." See Affidavit of Lawrence R. Bailey, dated September 19, 2005 ¶ 6. Defendant states that plaintiff did not appear for her deposition on that date and informed counsel for defendant on or about June 8, 2005 that she had previously stated that she



would not be deposed. Id. By letter dated July 7, 2004, defendant informed the Court that after repeated attempts to reschedule plaintiff's deposition, plaintiff remained uncooperative and refused to set a new date.[1] Defendant requested permission to make an appropriate motion or in the alternative requested that the Court hold a conference.

By Order dated July 28, 2005, I directed plaintiff to appear for her deposition on August 11, 2005. My order explicitly warned plaintiff that I would recommend her case should be dismissed if she failed to appear as ordered on August 11, 2005.[2] By letter dated August 11, 2005, defendant informed the Court that plaintiff again failed to appear for her deposition. Accordingly, defendant moves to dismiss plaintiff's action pursuant to Fed. R. Civ. P. 37(b)(2)(C).

## DISCUSSION

The Court may dismiss a complaint for a party's failure to comply with a Court Order regarding discovery. See Fed. R. Civ. P. 37(b)(2)(C) ("...the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) [a]n order ... dismissing the action or proceeding or any part thereof..."). In particular, Rule 37 applies to a litigant's failure to appear for their deposition. See e.g. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro*

---

[1] See Exhibits D-E to Defendant's Memorandum of Law Submitted In Support of Defendant's Motion to Dismiss (letters to plaintiff from defendant's counsel attempting to schedule her deposition).

[2] The Court also addressed plaintiff's refusal to attend her deposition and provide discovery materials in plaintiff's separate action against another defendant in that same order. See Wilson v. Cabrini Center for Nursing and Rehabilitation, 04-CV-608 (FB)(LB). I issued a similar warning to plaintiff that her failure to cooperate in discovery and refusal to attend her deposition in that matter could result in dismissal of her case. The Court was informed by defendant and plaintiff that plaintiff did in fact attend her deposition in that matter.

*se* plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37).

In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995)). "Dismissal under Fed. R. Civ. P. 37 ... should be imposed only in extreme circumstances" where the failure to comply is due to "willfulness, bad faith, or any fault." Salahuddin, 782 F.2d at 1132 (internal quotes omitted). However, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction is available even against *pro se* litigants because "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

Plaintiff has now failed to appear for two depositions, the first noticed by defendant on June 2, 2005, and the second ordered by the Court on August 11, 2005. Moreover, the Court explicitly warned plaintiff that it would recommend dismissal of this action if she failed to appear at her deposition on August 11, 2005. I explained that "[r]ule 37(d) governs the failure of a party to attend

3

her own deposition and states: 'the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.' Fed. R. Civ. Proc. 37(d). As such, failing to comply with discovery orders, specifically failing to appear for a deposition, is a valid basis for dismissal." See Order dated July 28, 2005.

Plaintiff has not given the Court any basis to excuse her failure to appear for her deposition in this matter. Her opposition to defendant's motion states:

> I had a major medicine condition due to Thyroid problem. T3 & T4 was off balance. I been under a physician care since 2003 and I am still seeing a doctor. I'm in very stable condition at this present time and I'm seeking for employment. I got treated on the job very different. I wish to proceed with this case. I have been very truthful to the Court. I'm still under a physician care. I would like to be compensated for "unfair treatment."

See Plaintiff's Affidavit in Opposition to Defendant's Motion, dated September 8, 2005. Plaintiff's actions belie her desire to continue with this litigation. She was given a clear warning that her case would be dismissed if she failed to appear as she was ordered to on August 11, 2005. Her allegations regarding her thyroid condition go to her underlying discrimination claim in her complaint. Plaintiff does not submit anything to excuse her failure to appear at her Court ordered deposition on August 11, 2005. The Court finds that plaintiff's failure to comply with the Court's order is willful. Plaintiff was given several opportunities to appear for her deposition by defendant and subsequently disobeyed the Court's order to appear. Accordingly, plaintiff's failure to appear cannot be excused.

Plaintiff's refusal to comply with the Court's Order and her willful disregard for the Court's authority warrants dismissal of the complaint with prejudice. See Bobal, 916 F.2d 759 (2d Cir. 1990) (*pro se* plaintiff stated the conference scheduling her deposition was improper and failed to

appear at deposition); McDonald, 850 F.2d 121 (2d Cir. 1988) (*pro se* plaintiff refused to answer questions at deposition, even when reminded of his obligation pursuant to the Court's Orders). Here, as in Bobal and McDonald, plaintiff's refusal to comply with the Court's Order is not based on any misunderstanding, but on plaintiff's willfulness and bad faith.

The interest of justice is not served by giving plaintiff unlimited chances to comply with Court Orders. Rather than dismissing the action upon plaintiff's failure to appear at her June 2nd deposition, the Court declined defendant's request and allowed plaintiff a final opportunity to comply. The Court's order explicitly warned plaintiff that if she failed to timely appear for her deposition on August 11, 2005, the Court would recommend that this case should be dismissed. The Court's effort to adopt less severe measures did not bring about plaintiff's compliance. Plaintiff has been afforded two opportunities to appear for her deposition, one which was Court ordered. Plaintiff has flouted the Order of the Court whose power she invokes to vindicate her rights. Thus, there is no less drastic sanction that would be effective in this action. The Court should dismiss plaintiff's action.

## CONCLUSION

Accordingly, it is recommended that defendants' motion should be granted and plaintiff's complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C). See McDonald v. Head Criminal Court Supervisor, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), aff'd 850 F.2d 121 (2d Cir. 1988) (dismissal is proper where plaintiff refuses to play by the "basic rules of the system upon whose very power the plaintiff is calling to vindicate [her] rights").

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: February 17, 2006
Brooklyn, New York

Lois Bloom
United States Magistrate Judge