```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PATRICIA WILSON,

                        Plaintiff,

        -against-

KINGSBROOK JEWISH MEDICAL
CENTER,

                        Defendant.
-----------------------------------------------------------x
```



**MEMORANDUM AND ORDER**
Case No. 04-CV-4856 (FB)(LB)

*Appearances:*
*For the Plaintiff:*
PATRICIA WILSON, *pro se*
75 Ocean Avenue, Apartment 4N
Brooklyn, New York 11225

*For the Defendants:*
LAWRENCE RANDOLPH BAILEY, ESQ.
Hodgson Russ LLP
230 Park Avenue, 17th Floor
New York, New York 10169

**BLOCK, Senior District Judge:**

On February 17, 2006, Magistrate Judge Bloom issued a Report and Recommendation ("R&R") recommending that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) because the plaintiff failed to appear for her deposition despite Judge Bloom's order directing her to do so. The R&R recited that "the parties shall have ten (10) days from service of this Report to file written objections . . . . Failure to file a timely objection to this Report generally waives any further judicial review." R&R at 6 (citations omitted). The R&R was served on all parties on February 17, 2006, making objections due by March 3, 2006. *See* Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object, however, and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Here, nothing in the R&R suggests plain error. Accordingly, the Court adopts the R&R without *de novo* review.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
March 6, 2006